Mickey FERRELL, Appellant,

v.

PRAIRIE INTERNATIONAL TRUCKS, INC., Appellee.

No. 86949.

Supreme Court of Oklahoma.

Jan. 28, 1997.

As Amended March 31, 1997.

Rehearing Denied April 2, 1997.

Richard M. Klinge, James A. Choate, Richard M. Klinge & Associates, Oklahoma City, for Appellant.

Charles F. Alden, III, Page Dobson, Carrie Palmer Hoisington, Holloway, Dobson, Hudson, Bachman, Alden, Jennings, Robertson & Holloway, Oklahoma City, for Appellee.

HODGES, Justice.

The issue presented in this appeal is whether there are sufficient contacts with the State of Oklahoma for the courts of Okla-

homa to exercise *in personam* jurisdiction over the defendant, Prairie International Trucks, Inc. (Prairie Trucks), a Delaware corporation with its principal place of business in Illinois. This case is before this Court after the trial court granted a motion to dismiss for lack of *in personam* jurisdiction.

## I. Facts

After the parties filed evidentiary materials, the trial judge held a hearing to determine facts relevant to the jurisdictional issue. The evidentiary materials and the testimony show the facts as follows.

Between November 1993 and November 1994, Prairie Trucking advertised in the *Truck Paper,* an advertising paper specifically for trucks, trailers, and service equipment. The paper's publication is divided into several areas. Prairie Truck ran ads in the paper's south central publication which was distributed in Oklahoma and targeted at Oklahoma residents. Prairie Trucks' ads were half a page and in color.

The plaintiff, Mickey Ferrell, has a truck-operating business in which he purchases trucks, then leases them. In about 1992, Ferrell bought a 1992 truck from a relative residing in Waukomis, Oklahoma. The relative had bought the truck from Prairie Trucks. After Ferrell became concerned that the relative was not timely making the payments, Ferrell contacted Mr. Beasley, president of Prairie Trucks.[1]

As a result of the communications between Ferrell and Mr. Beasley, Ferrell signed an installment contract with Prairie Trucks. All the paperwork regarding the truck was either mailed or faxed to Ferrell in Oklahoma.

When Ferrell decided to purchase another truck, he contacted Prairie Trucks in Illinois. At the time, he had not seen Prairie Trucks' advertisements, and, thus, the advertisements were not the impetus behind Ferrell's contacting Prairie Trucks. After negotiations, including several telephone calls, some made by Ferrell and others by Prairie

Trucks, Ferrell arranged for Prairie Trucks to bring a 1988 truck to St. Louis, Missouri. Ferrell was not obligated to purchase the truck until he had inspected it in Missouri.

After inspecting the truck, Ferrell found several things that he thought should be corrected. Only after he was assured by Prairie Trucks that they would have the problems corrected did Ferrell sign the applicable documents and take possession of the truck. Prairie Trucks gave Ferrell a dealer tag and insurance information knowing the truck would be licensed in Oklahoma. A copy of the title reflects that the date of sale was February 26, 1994.

Prairie Trucks had Ferrell take the vehicle to H.D. Copeland International Trucks, Inc. in Oklahoma for the repairs. Prairie Trucks arranged to pay the $124.86 repair bill directly to Copeland. Ferrell also alleges that Mr. Beasley told him the truck had a 100,000–mile or one-year warranty.

Shortly thereafter, the 1988 truck broke down in Little Rock, Arkansas. Ferrell called Prairie Trucks. Prairie Trucks went to Arkansas, got the truck, and took it to Springfield, Illinois for repair.

After the vehicle was repaired, Prairie Trucks refused to release it without payment for the repairs. Ferrell, assuming the repairs were covered by the warranty, refused to pay for the repairs and filed this suit in Oklahoma for (1) breach of warranty, (2) conversion, and (3) breach of contract. Prairie Trucks made a special appearance and filed a motion to dismiss for lack of *in personam* jurisdiction. The trial court granted the motion finding Prairie Trucks lacked the minimum contacts with Oklahoma to support the court's exercise of jurisdiction. The Court of Appeals affirmed, and this Court granted certiorari.

## II. In Personam Jurisdiction
## Over the Defendant

Section 2004(F) of title 12 of the Oklahoma Statutes provides: "A court of this state may exercise jurisdiction on any basis consistent

---

1. It is unclear from the evidentiary materials and the testimony at the hearing whether Mr. Beasley was representing Prairie International Trucks, Inc. or a different company, Navistar Financial Corporation, at the time Ferrell contacted him about the payments.

with the Constitution of this state and the Constitution of the United States." Oklahoma's long-arm statute extends the jurisdiction of its courts over non-residents to the outer-limits permitted by the Oklahoma Constitution and the United States Constitution. *Hough v. Leonard,* 867 P.2d 438, 442 (Okla. 1993).

■ Due process allows a state to exercise jurisdiction over a defendant who is not present in the state and has not consented to suit there if the defendant's contacts with the jurisdiction are "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). This test is satisfied if a "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citations omitted). When a corporation "purposefully avails itself of the benefits of an economic market in the forum State, it may subject itself to the State's *in personam* jurisdiction even if it has no physical presence in the State." *Quill Corp. v. North Dakota,* 504 U.S. 298, 307, 112 S.Ct. 1904, 1910, 119 L.Ed.2d 91 (1992). Likewise, defendants "who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to the regulation and sanctions in the other State for the consequences of their activities." *Burger King,* 471 U.S. at 473, 105 S.Ct. at 2182 (quoting *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950)). Thus, a defendant who creates "'continuing obligations' between [itself] and residents of the forum ... manifestly has availed [itself] of the privilege of conducting business there."

*Id.* at 476, 105 S.Ct. at 2184 (citations omitted).

■ Applying these guidelines to the case at bar, there is sufficient evidence in the record to support the trial court's *in personam* jurisdiction over Prairie Trucks. Prairie Truck specifically targeted advertising in a paper which was distributed in Oklahoma and solicited Oklahoma buyers for its trucks, purposefully availing itself of economic benefits in Oklahoma. It negotiated the sale of the 1988 truck over the telephone knowing the buyer was in Oklahoma and the truck would be used in Oklahoma. Prairie Trucks entered into an installment contract with Ferrell and warranted the truck, creating a continuing obligation in Oklahoma with Ferrell. By its conduct, Prairie Trucks had fair warning that its activities might subject it to Oklahoma's jurisdiction. *See Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182. Thus, the exercise of jurisdiction over Prairie Trucks by the Oklahoma courts does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).[2]

Our Court applied this reasoning in *Hough v. Leonard,* 867 P.2d 438 (1993). In *Hough,* the plaintiff, an Oklahoma resident, performed repair services for non-residents on an oil well located in Kansas. When the non-residents refused to pay for the services, the plaintiff filed suit in Oklahoma. In holding that the non-resident was subject to the jurisdiction of the Oklahoma courts, this Court noted that the non-resident had deliberately engaged in significant activities with Oklahoma and had created a continuing obligation within Oklahoma. Likewise, in the present case, Prairie Trucks has deliberately engaged in significant activities with Oklahoma such that it is subject to the jurisdiction of the Oklahoma courts.

Prairie Trucks relies on *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

---

**2.** Prairie Trucks relies heavily on the distinction between "specific jurisdiction" and "general jurisdiction". A court exercises "specific jurisdiction" when the suit arises out of or related to the defendant's contacts with the forum. *Burger* *King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 15, 105 S.Ct. 2174, 2182 n. 15, 85 L.Ed.2d 528 (1985). We need not address this distinction since we find sufficient contacts for the exercise of either specific or general jurisdiction.

*Helicopteros* is easily distinguishable from the present case in that the defendant in *Helicopteros* had not engaged in any activity in the forum other than purchasing goods and services from one of its residents, accepting checks drawn on a bank of the forum, and visiting the forum for the purpose of purchasing goods and services. Unlike Prairie Trucks, the non-resident in *Helicopteros* did not target for advertising the residents of the forum and did not create a continuing obligation to a resident of the forum. The present case is unlike *Helicopteros*.

### III. Conclusion

The defendant, Prairie International Trucks, Inc., engaged in activities with Oklahoma such that it subjected itself to the jurisdiction of the Oklahoma courts. The opinion of the Court of Civil Appeals is vacated, and the judgment of the trial court is reversed. The matter is remanded to the trial court for further proceedings.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; JUDGMENT OF TRIAL COURT REVERSED; CAUSE REMANDED.

KAUGER, C.J., SUMMERS, V.C.J., and OPALA, ALMA WILSON and WATT, JJ., concur.

LAVENDER, SIMMS and HARGRAVE, JJ., dissent.